IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ROBERT A. HAMER, as Independent Administrator of the ESTATE OF DONALD E. HAMER, JR., deceased, and on behalf of the survivors,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>MCHENRY COUNTY SHERIFF *et al.*,<br><br>*Defendants*. | NO. 3:23-CV-50340<br><br>HONORABLE IAIN D. JOHNSTON |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Hamer, administrator of the estate of Donald Hamer, brings this action under 42 U.S.C. § 1983 and Illinois state law against several defendants, including the McHenry County Sheriff; McHenry County; Wellpath, Inc.; and McHenry County Jail medical personnel. After being arrested for driving under the influence, Mr. Hamer died while in custody at the McHenry County Jail, and Plaintiff alleges that Defendants failed to appropriately treat his medical issues. Before the Court is Defendants' motion to dismiss. For the following reasons, the motion is granted.

### LEGAL STANDARD

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts all well-pleaded

facts as true and draws all reasonable inferences in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

## DISCUSSION

The parties agree that Counts I and II—the § 1983 claims—should have been brought under the Fourteenth Amendment instead of the Eighth Amendment because Mr. Hamer was detained pretrial. *See* Dkt. 47 at 6; *see also Hardeman v. Curran*, 933 F.3d 816, 822-23 (7th Cir. 2019). Although plaintiffs aren't required to plead legal theories, only facts, *see Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 517-18 (7th Cir. 2015), the Court is mindful of potential prejudice to the parties when a response brief seeks to amend the complaint. *See Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023). Counts I and II are dismissed without prejudice.

The remaining counts are state law claims; the Court declines to exercise supplemental jurisdiction at this time, so the counts are dismissed without prejudice, but they may be repleaded in an amended complaint that corrects the federal claims.

Plaintiff has until May 20, 2024, to amend. If no amended complaint is filed by then, the dismissals of the federal claims will convert to dismissals with prejudice, but the dismissals of the state claims will remain without prejudice to being refiled in state court.

Date: April 17, 2024

HONORABLE IAIN D. JOHNSTON
*United States District Judge*